IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13–cv–02453–LTB–KMT

WHITLOCK PACKAGING CORPORATION,

    Plaintiff,

v.

BRIAN STEARNS, and
FUZZEEBEE BEVERAGE, LLC,

    Defendants.

___

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
___

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on "Plaintiff's 12(b)(6) Motion to Dismiss Defendants' Counterclaim for Malicious Prosecution." (Doc. No. 47 [Mot.], filed Feb. 21, 2014.) Defendants filed their response on March 14, 2014 (Doc. No. 50 [Resp.]), and Plaintiff filed its reply on March 28, 2014 (Doc. No. 51 [Reply]). This matter is ripe for review and recommendation.

## I.  BACKGROUND

Plaintiff originally filed three claims against Defendants—breach of contract, breach of fiduciary duty, and fraud. (Doc. No. 4 [Compl.], ¶¶ 16-38.) After Defendants filed a motion to dismiss (Doc. No. 9),[1] Plaintiff was granted leave to file an Amended Complaint which omitted the fraud claim (Doc. No. 43 [Am. Compl.]). In Defendants' ensuing Answer to Plaintiff's

---

[1] Denied as moot. (Doc. No. 42)

Amended Complaint, Defendants filed counterclaims, including malicious prosecution, alleging that Plaintiff's original fraud claim, even though removed in the Amended Complaint, amounted to malicious prosecution. (Doc. No.44 [Answer] at ¶¶ 188-191.) Plaintiff now has filed its motion to dismiss Defendants' malicious prosecution claim. (Mot.)

## II. FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the Court considers the remaining

factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste Mgmt.*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S. Ct. at 1949 (citation omitted).

In making the required determination, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007); *see also Utah Gospel Mission v. Salt Lake City Corp*., 425 F.3d 1249, 1253-54 (10th Cir. 2005) ("[A] document central to the plaintiff's claim and referred to in the complaint may be considered in resolving a motion to dismiss, at least where the document's authenticity is not in dispute."); *Kennedy v. Peele*, 552 F. App'x 787, Case No. 11-cv-00967-REB-KMT, 2014

WL 92251, *4 (10th Cir. January 10, 2014). "[F]actual allegations that contradict . . . a properly considered document are not well-pleaded facts that the court must accept as true." *GFF Corp. v. Associated Wholesale Grocers*, *Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997).

### III.  ANALYSIS

Plaintiff argues that Defendants fail to state a claim for malicious prosecution. In order to prevail on a claim of malicious prosecution, Defendants must show: (1) Plaintiff contributed to bringing a prior suit against Defendants; (2) the suit was resolved in Defendants' favor; (3) no probable cause existed for the suit; (4) Plaintiff had acted with malice; and (5) damages were incurred by Defendant. *Thompson v. Maryland Cas. Co.*, 84 P.3d 496, 503 (Colo. 2004).[2] Plaintiff asserts there is no prior proceeding that has been resolved in Defendants' favor and, therefore, Defendants' malicious prosecution claim fails in this essential element. (Mot. at 2-4.) Plaintiff argues that its voluntary removal of the original fraud claim does not qualify as a proceeding resolved in Defendants' favor and cannot serve as the basis for a claim of malicious prosecution. (*Id.*) This court agrees.

Under Colorado law, favorable termination of a proceeding is a question of law. *Hewitt v. Rice*, 154 P.3d 408, 410 (Colo. 2007). In order for a proceeding to provide the basis for a claim of malicious prosecution, the proceeding must have been resolved on the merits. *Hewitt*, 154 P.3d at 410. Defendants base their malicious prosecution claim on Plaintiff's decision to voluntarily abandon its original fraud claim. (Answer, ¶¶ 188-191.) Defendants rely upon *Walford v. Blinder, Robinson & Co., Inc.*, 793 P.2d 620 (Colo. App. 1990), for the proposition

---

[2] Under the *Erie* doctrine, federal courts sitting in diversity must apply state substantive law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 (1938); *see also Scottsdale Ins. Co v. Tolliver*, 636 F.3d 1273, 1277 (10th Cir. 2011).

that Plaintiff's voluntary dismissal of its fraud claim qualifies as a proceeding resolved in Defendants' favor on the merits. (Resp. at 5-6.) The *Walford* court held that voluntary dismissal of claims *may* qualify as termination in favor of the party asserting a claim of malicious prosecution. *Walford*, 793 P.2d at 624. However, the facts in *Walford* are distinguishable from those here. Unlike Plaintiff's voluntary dismissal of their claim in this court prior to any proceeding, the claims underlying the malicious prosecution action in *Walford* had been carried all the way through arbitration and dismissed by the arbitrators after an extensive hearing involving substantive arguments from both sides. *Id.* The *Walford* court placed significant weight on the fact that the arbitrated claims had been dismissed on the merits. *Id.* A plaintiff's motives behind abandonment of the original fraud claim are irrelevant to the question of whether voluntary abandonment of a claim represents a "favorable termination" for the purposes of malicious prosecution. *Hewitt*, 154 P.3d at 414 (court refused to consider the circumstances surrounding abandonment of claims prior to adjudication on the merits in making its "favorable termination" findings).

In this case, while it is true that Defendants filed a motion requesting that this court dismiss Plaintiff's fraud claim (Doc. No. 9.), the court dismissed Defendants' motion to dismiss as moot when it granted Plaintiff's unopposed motion to file an Amended Complaint (Doc. No. 42). *See Cassirer v. San Miguel Cnty. Bd. of Cnty. Comm'rs*, No. 08-cv-01668-MSK-CBS, 2009 WL1600679 at *2 (D. Colo. June 5, 2009) ("An amended complaint automatically supersedes the prior operating pleading which is treated thereafter as nonexistent.") (citations omitted). The merits of Defendants' motion were never reached.

Furthermore, Defendants did not oppose Plaintiff's voluntary dismissal of the original fraud claim. (Doc. No. 41.) In fact, Defendants actively encouraged Plaintiff to omit its fraud claim by amending the original complaint pursuant to Fed. R. Civ. P. 15(a) (2). (Doc. No. 41-1.) In light of Defendants' overt recommendation that Plaintiff amend pursuant to Rule 15(a)(2), and Defendants' failure to advise Plaintiff that its abandonment of the original fraud claim would result in a counterclaim for malicious prosecution, it is disingenuous of Defendants to now assert such a claim based on Plaintiff's voluntary dismissal.

This court finds that the fraud claim was dismissed by Plaintiff prior to adjudication on the merits and, therefore, is not a claim which was resolved in Defendants' favor. Favorable termination of a prior suit is an indispensable element of the tort of malicious prosecution. *Hewitt*, 154 P.3d at 414. Therefore, Defendants have failed to state a claim for malicious prosecution.

**WHEREFORE**, for the foregoing reasons, the court respectfully

**RECOMMENDS** that Plaintiff's "12(b)(6) Motion to Dismiss Defendants' Counterclaim for Malicious Prosecution" (Doc. No. 47) be **GRANTED**.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 23rd day of July, 2014.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge