# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

**Civil Action No. 1:13-cv-02453-LTB**

| | |
|---|---|
| **WHITLOCK PACKAGING CORPORATION** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| vs. | ) |
| | ) |
| **BRIAN STEARNS and FUZZEE** | ) |
| **BEE BEVERAGE, LLC** | ) |
| | ) |
| **Defendants.** | ) |

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

NOW on this _____ day of August, 2014, upon agreement of the Parties as evidenced by their signatures hereto, the Court enters the following Confidentiality Stipulation and Protective Order with respect to documents and testimony identified by the Parties as containing confidential and/or proprietary information, as follows:

1. The Parties desire to be protected against potential and unreasonable annoyance, disadvantage, financial loss, hardships, misappropriation of trade secrets, and substantial prejudice that may result from the unauthorized disclosure or use of confidential or proprietary information produced in the course of litigation.

2. Except as may later be modified by mutual written agreement of the Parties, this Confidentiality Stipulation and Protective Order shall govern with respect to the disclosure and use of documents, all information contained therein, and all copies, excerpts, or summaries thereof.

3.  Either the Plaintiff or Defendants may designate any document, or part thereof, and/or testimony as "CONFIDENTIAL" and/or "CONFIDENTIAL ATTORNEY EYES ONLY" as follows:

   A.  By written designation identifying as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" documents produced in discovery or utilized as exhibits by either Plaintiff or Defendants; or

   B.  By marking any document or documents with a stamp containing the word "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY"; or

   C.  By designating as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" any deposition testimony or portion thereof either orally during the deposition or within thirty days after the deposition has been taken and transcribed. Such written designation shall identify by page and line those portions of testimony to remain confidential; or

   D.  By marking with a label as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY " all electronic or magnetic media, including all information stored on any digital or analog machine-readable device, computers discs, networks or tapes, whether produced or created by any party or counsel.

4.  With respect to all documents and/or testimony that either party designates as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" the following rules will apply:

A. The designated "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" information shall be maintained in confidence by the Parties solely for the purpose of the above captioned lawsuit, and such materials shall not be disclosed to any person except:

1. Counsel of record to the Parties to this action, in-house counsel, and any legal assistants, clerical, secretarial or other support staff or services operating under the supervision or instruction of such counsel; or

2. Officers or directors of a Party with whom counsel for that Party determines it is necessary or desirable to confer for purposes of this action, except in the case of that information which is designated as "CONFIDENTIAL ATTORNEY EYES ONLY" which the Parties agree shall not be disclosed other than as set forth in 4(A)(1) above; or

3. Witnesses or consultants to whom revealing the designated "CONFIDENTIAL" information is necessary for that witness or consultant to use as a basis for opinions or conclusions and to the extent necessary to assist in the witness' testimony, except in the case of that information which is designated as "CONFIDENTIAL ATTORNEY EYES ONLY" which the Parties agree shall not be disclosed other than as set forth in 4(A)(1) above; or

4. To the Court, jury, and/or court personnel to whom the documents may be revealed during the course of litigation, except in the case of that information which is designated as "CONFIDENTIAL

ATTORNEY EYES ONLY" which the Parties agree shall not be disclosed other than as set forth in 4(A)(1) above, or filed with the Court under seal.

  5. To any other person to whom the Supplying Party agrees in writing or on the record in advance of the disclosure. If the Supplying Party does not agree to allow disclosure to a person other than those identified above in 4(A)(1)-(4) after receiving a written request explaining the necessity of the disclosure, the party seeking to disclose the information may file a motion with the Court for approval to make the disclosure.

B. Other than as listed above, the Parties and their counsel shall make every effort to prevent disclosure of information contained in the document or documents and/or testimony of a witness designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" to any other persons, firms, or entities.

C. Following the conclusion of this case to a final judgment, whether by settlement, trial, or appeal, all original documents used as exhibits marked "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" will either be returned to the party supplying those documents and all parties hereto and their counsel will destroy all remaining copies of any so designated documents and/or testimony or instead of returning the documents the parties may agree to verify that all such designated documents have been destroyed.

D.  Nothing in this order shall prevent a witness from reviewing the transcript of his own deposition testimony, regardless of any designation of portions thereof as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY," provided that the designated testimony shall not otherwise be disclosed except as permitted by this order.

E.  A party may object to the designation of particular "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" and shall not thereafter be treated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" in accordance with this

        Protective Order. In connection with a motion filed under this provision, the party designating the information as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY."

    F.    Documents designated as "CONFIDENTIAL ATTORNEY EYES ONLY" may, as agreed by counsel, be viewed by, but copies may not be retained by, Parties to this litigation.

5.    It is further understood and agreed by the Parties that all documents produced and/or disclosed to date and in the future pursuant to discovery requests are included and encompassed within this Confidentiality Stipulation and Protective Order and that all terms and provisions of this Confidentiality Stipulation and Protective Order shall apply to any such document produced in discovery.

6.    Confidential Information shall not be disclosed to a person described in paragraphs 4(A)(3), or 4(A)(5) unless and until such person has executed an Agreement of Confidentiality in substantially the form attached hereto as Exhibit A. The originals of an executed Agreement of Confidentiality shall be maintained by counsel for the party who obtained it until the final resolution of this litigation, and shall not be subject to discovery except upon motion on notice and a showing of good cause. This prohibition includes either direct or indirect disclosure, including but not limited to, any disclosure by counsel or experts. At any deposition and absent the agreement of the parties, prior to the disclosure of any Confidential Information, the deponent shall be provided a copy of the form attached hereto as Exhibit B and

shall be asked to affirmatively state on the record that he or she has received the form and consents to the restrictions contained within the Stipulated Protective Order, a copy of which shall be provided to the deponent.

7. The Parties agree that in no event shall the information contained in the documents produced and/or disclosed to date and in the future pursuant to discovery requests be used for any business competitive, personal, private, public or other purpose.

8. A Supplying Party that inadvertently fails to designate discovery material as "Confidential" or mis-designates discovery material as "Confidential" or pursuant to this Order at the time of its production shall be entitled to make a correction, in writing, to its designation within a reasonable time and to provide substitute copies of each item of discovery material, appropriately designated after which all previously mis-designated documents will be destroyed or returned.

9. The Parties further agree that this Confidentiality Stipulation and Protective Order is valid and enforceable from the time it is signed as agreed to by counsel for the Parties, even if not yet filed with the Court.

10. This Order shall apply to non-parties who provide discovery by deposition, production of documents, or otherwise in this litigation if a non-party requests in writing the protection of this Order as to the non-party's Confidential Information and complies with the provisions of this Order.

11. Nothing contained in this Order shall affect the right, if any, of any party or witness to make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents or questions at a deposition. Nor shall this Order be construed as a waiver by any

party of any legally cognizable privilege to withhold any Confidential Information other than on the basis that it has been designated Confidential, or of any right which any party may have to assert such privilege at any stage of this litigation.

12. The rules and procedures governing the use of Confidential Information at trial shall be determined by the Court at the final pretrial conference and/or trial.

13. The restrictions set forth in this Order shall not apply to documents or information designated Confidential that are publicly available or that are obtained independently and under rightful means by the Receiving Party, unless such latter documents or information were so obtained due to a violation of this Order.

14. A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged or (c) admissible in evidence at trial.

15. This Order shall apply to non-parties who provide discovery, by deposition, production of documents or otherwise, in this litigation, if said non-party requests, in writing, the protection of this Order as to said non-party's Confidential Information and complies with the provisions of this Order.

16. Upon the final resolution of this litigation (including conclusion of any appeal), this Order shall remain in effect and continue to be binding, unless expressly modified, superseded, or terminated by consent of all parties or by Order of the Court. This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the final resolution of this litigation.

17. This Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modifications of this Order, subject to the approval of the Court.

18. The Court may amend, modify or dissolve this Protective Order at any time.

**BE IT THEREFORE ORDERED, ADJUDGED AND DECREED** that a Protective Order governing documents and testimony of the Parties and any requesting non-parties, be and is hereby ordered as set forth above.

Dated this 22nd day of August, 2014.

_____
Kathleen M. Tafoya
United States Magistrate Judge

Agreed to and understood as
immediately valid and enforceable:

**RIGGS, ABNEY, NEAL, TURPEN,
ORBISON & LEWIS**

/s/ Wm. Gregory James_____
Thomas M. Askew, OBA #13568
Wm. Gregory James, OBA #4620
Sharon K. Weaver, OBA #19010
502 West 6th Street
Tulsa, OK  74119-1010
(918) 587-3161
(918) 587-9708 (Facsimile)
gjames@riggsabney.com

- and -

Steven C. Janiszewski
50 South Steele St, Suite 600
Denver, CO 80209
(303) 298-7392
(303) 298-7398 (Facsimile)
sjaniszewski@riggsabney.com

*Attorneys for Plaintiff Whitlock Packaging*

**KEESLING LAW GROUP, PLLC**

 s/ David R. Keesling
David Royce Keesling
Heidi Leigh Shadid
Sloane Ryan Lile
Keesling Law Group, PLLC
401 South Boston Avenue
Suite 450
Tulsa, OK 74103
918-924-5101
Fax: 918-512-4888
Email: David@KLGattorneys.com
         Heidi@KLGattorneys.com
         Sloane@KLGattorneys.com

        - and -

Steven Robert Schumacher
Wade Ash Woods Hill & Farley, P.C.
4500 Cherry Creek Drive South
Suite 600
Denver, CO 80246
303-322-8943
Fax: 303-320-7501
Email: sschumacher@wadeash.com

*Attorneys for Defendants*

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No. 13-2453**

WHITLOCK PACKAGING CORPORATION,
an Oklahoma corporation,

      Plaintiffs,

v.

BRIAN STEARNS, and
FUZZEE BEE BEVERAGE, LLC,

      Defendants.

### CERTIFICATION

1.     My name is _____.

I live at _____.

I am employed as (state position) _____

by (state name and address of employer) _____.

2.     I have read the Confidentiality Order that has been entered in this case, and a copy of it has been given to me. I understand the provisions of this Order, and agree to comply with and to be bound by its provisions.

3.     I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, 20\_\_\_

                                             by_____
                                                  (signature).

**EXHIBIT B**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Civil Action No. 13-2453**

WHITLOCK PACKAGING CORPORATION,
an Oklahoma corporation,

      Plaintiffs,

v.

BRIAN STEARNS, and
FUZZEE BEE BEVERAGE, LLC,

      Defendants.

## NOTICE TO DEPOSITION WITNESSES

You are being shown one or more documents which have been designated as "Confidential" pursuant to an Order of this Court. Except for providing testimony at this deposition, you may not disclose these documents or their contents to any person other than the attorney who represents you at this deposition. Further, neither these documents nor their contents may be used by you for any purpose except that you may use them for your testimony in connection with this litigation. In any event, you are prohibited from using them for any business, competitive, personal, private, public, or other non-litigation purpose. The improper disclosure or use of these documents or their contents may result in the imposition of sanctions upon you by the Court. If you wish a complete copy of the Court Order, a copy will be provided to you upon request.