IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–02453–KMT

WHITLOCK PACKAGING CORPORATION,

    Plaintiff,

v.

BRIAN STEARNS, and
FUZZEEBEE BEVERAGE, LLC,

    Defendants.

## ORDER

This matter is before the court on "Defendants Brian Stearns and Fuzzee Bee Beverages, LLC's Motion for Summary Judgment and Incorporated Brief in Support" (Doc. No. 87 [Mot.], filed November 7, 2014). Plaintiff filed its response on November 26, 2014 (Doc. No. 93 [Resp.]), and Defendants filed their reply on December 10, 2015 (Doc. No. 100 [Reply]). This motion is ripe for ruling.

## STATEMENT OF THE CASE

Plaintiff alleges that Defendant Fuzeebee Beverage, LLC, has committed a breach of contract by failing to pay Plaintiff all amounts due and owing under an Amended Contract Manufacturing and Packaging Agreement ("CMPA") for Plaintiff's production of the energy drink Zun. (*See* Doc. No. 43 [Am. Compl.].)

## LEGAL STANDARD

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works, Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also* Fed. R. Civ. P. 56(c). A disputed fact is "material" if "under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Thomas v. Metropolitan Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir. 2011) (citing *Anderson*, 477 U.S. at 248).

When ruling on a motion for summary judgment, a court may consider only admissible evidence. *See Johnson v. Weld County, Colo.*, 594 F.3d 1202, 1209-10 (10th Cir. 2010). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Concrete Works*, 36 F.3d at 1517. At the summary judgment stage of litigation, a plaintiff's version of the facts must find support in the record. *Thomson v. Salt Lake Cnty.*, 584 F.3d 1304, 1312 (10th Cir. 2009). "When opposing parties tell

two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Thomson*, 584 F.3d at 1312.

## ANALYSIS

### *1. Breach of Contract Claim*

Defendants assert they are entitled to summary judgment on Plaintiff's First Claim for Relief for Breach of Contract. In its Amended Complaint, Plaintiff alleges Defendant Fuzzee Bee breached the CMPA with Plaintiff "by failing to pay for manufacture and packaging services" provided by Plaintiff. (Compl., ¶ 19.)

In their motion, Defendants argue that, under the terms of the contract, Plaintiff had a duty to perform before Defendant Fuzzee Bee's duty to pay was triggered. Defendants rely on Section 4 of the CMPA, which states as follows:

> 4. <u>PRICES; INVOICING OF PRODUCT AND PAYMENTS</u>:
>
> On a periodic basis during the Term, Customer shall deliver to WPC purchase orders incorporating the terms and conditions set forth herein and setting forth the applicable volumes of products, delivery dates and delivery locations. WPC shall timely and promptly deliver the products as specified in such orders. WPC will generate an invoice for all goods shipped for or to Customer at the rates outlined in **Exhibit 'A'** plus freight. Such invoices will be due Net 45-days from date of issuance.

(Mot., Ex. 6 at 5, ¶ 4 [emphasis in original].) Defendant Fezzee Bee contends that Plaintiff failed to manufacture and package Zun without substantial delay and defects, and maintained the responsibility for the poor materials and packaging from third parties; failed to produce Zun to specifications and in a timely manner; failed to prepare quality control records, monthly cost

advance limits or maintain contractual liability insurance; and failed to take the necessary steps to remedy the problems of which Plaintiff was aware. (Mot. at 15.)

A federal court sitting in diversity jurisdiction generally applies the substantive law of the forum state, which in this case is Colorado. *Herrera v. Lufkin Ind., Inc.*, 474 F.3d 675, 683 (10th Cir. 2007). For contract claims, Colorado courts apply the law chosen by the parties "unless there is no reasonable basis for their choice or unless applying the law of the state so chosen would be contrary to the fundamental policy of a state whose law would otherwise govern." *Hansen v. GAB Bus. Servs., Inc.*, 876 P.2d 112, 113 (Colo. App. 1994) (citing Restatement (Second) of Conflict of Laws § 187 (1971)). The parties do not dispute that Section 18.2 of the CMPA provides the contract is to be "governed by, construed and enforced in accordance with the laws of the State of Oklahoma." (Mot., Ex. 6 at 12, ¶ 18.) Moreover, there was a reasonable basis for selecting Oklahoma law, because Plaintiff is an Oklahoma corporation. Accordingly, the court will apply Oklahoma law to the breach of contract claim.

" 'A condition precedent of a contract is one which calls for the performance of some act or the happening of some event after the contract is entered into and upon the performance or happening of which its obligations are made to depend.' " *See Woods v. City of Lawton*, 845 P.2d 880, 886 n.6 (Okla. 1992) (quoting *Rollins v. Rayhill*, 191 P.2d 934, 937 (Okla. 1948)). "A condition precedent is a condition that must be met before the obligation under a contract becomes due." *Id.* (citing 3A Corbin on Contracts, § 628 (1960)). Under Oklahoma law, courts "are disinclined to construe contract provisions as conditions precedent unless compelled by the plain language of the contract." *M.J. Lee Const. Co. v. Oklahoma Transp. Auth.*, 125 P.3d 1205, 1215 (Okla. 2005).

The Tenth Circuit has stated, in considering whether a contract contains a condition precedent or mutual promises:

> Courts are disinclined to construe the stipulations of a contract as conditions precedent, unless compelled by the language of the contract plainly expressed. The reason of this disinclination is that such a construction prevents the court from dealing out justice to the parties according to the equities of the case. Williston on Contracts, § 671.
>
> Because the enforcement of conditions frequently leads to forfeitures and penalties courts have always been indisposed to construe contracts as conditional, unless the language is too clear to be mistaken; and have frequently disregarded plainly expressed conditions, because of their unwillingness to deprive a promisee of all rights on account of some trivial breach of condition. Williston on Contracts, § 827.

*Southern Surety Co. v. MacMillan Co.*, 58 F.2d 541, 548 (10th Cir. 1932). The question before the Tenth Circuit in *MacMillan* was whether a provision in a bond, requiring that the surety be given notice of default by the principal, constituted a condition precedent or a promise. In determining that the provision was a promise and not a condition precedent, the Court noted, in examining the language of the bond, that

> . . . the first thing noticed is that it contains 'no express provision in the bond declaring that it shall be void if the notice of prior misconduct is not given.' . . . The next point is that the language used is that generally used in a promise, 'notice shall be mailed,' and not that generally used in a condition, 'if notice is (or shall be) mailed.'

*MacMillan*, 58 F.2d at 546. " '[W]hen the act of one is not necessary to the act of the other, though it would be convenient, useful, or beneficial, yet as the want of it does not prevent performance, and the loss and inconvenience can be compensated in damages, performance of the one is not a condition precedent to performance by the other.' " 58 F.2d at 547 (quoting *New Orleans v. Texas & Pac. Ry.*, 171 U. S. 312, 334 (1898)). "Breach of promise subjects the promisor to liability in damages, but does not necessarily excuse performance on the other side.

5

Breach of condition prevents the party failing to perform from acquiring a right, or deprives him of one, but subjects him to no liability." *Id.* at 551.

The court agrees with the plaintiff that the words used in Section 4 of the CMPA— "Customer shall deliver to WPC, . . ."; "WPC shall timely . . ."; and "WPC will generate . . . ." —are words of promise and not a condition precedent. Moreover, there is no express provision voiding the CMPA or the defendants' obligations under the contract in the event Plaintiff failed "to timely and promptly deliver the products as specified in such orders" (*see* Mot.,. Ex. 6 at 5, ¶ 4). *MacMillan*, 58 F.2d at 546. Rather, under the terms of the CMPA, Plaintiff's alleged breach of its promises may subject it to liability in damages, but does not necessarily excuse Defendants' performance. 58 F.2d at 551.

Accordingly, Defendants' motion for summary judgment on Plaintiff's breach of contract claim is denied.[1]

## *2. Oppressive Conduct Claim*

Defendants also move for summary judgment on Plaintiff's Second Claim for Relief for Direct Action–Oppressive Conduct. (Mot. at 19-23.) However, Plaintiff has represented to the court that it intends to withdraw that claim, and Plaintiff has omitted that claim from the

---

[1] Defendants interpret Plaintiff's First Claim for Relief for Breach of Contract as also asserting a claim for breach of fiduciary duty against Defendant Stearns in his role as manager of the LLC and move for summary judgment on that claim. (Mot. at 13, 15-19.) Plaintiff, in its response, does not address this argument. (*See* Resp.) Nevertheless, it is clear from the proposed amended Final Pretrial Order that Plaintiff does not assert such a claim. (*See* Doc. No. 163 at 2, § 3 ["Whitlock claims that FBB has committed a breach of contract by failing to pay WPC all amounts due and owing under an Amended Contract Manufacturing and Packaging Agreement for WPC's production of the energy drink Zun."].) As such, the court does not construe Plaintiff First Claim as asserting a claim for breach of fiduciary duty and does not address Defendants' argument in that regard. Moreover, based on its representations in the Final Pretrial Order, Plaintiff is precluded from asserting such a claim.

proposed amended Final Pretrial Order.[2]  (*See* Doc. No. 163 at 2, § 3.)  Therefore, Defendants' motion for summary judgment in this regard is denied as moot.

**WHEREFORE**, for the going reasons, it is

**ORDERED** that "Defendants Brian Stearns and Fuzzee Bee Beverages, LLC's Motion for Summary Judgment and Incorporated Brief in Support" (Doc. No. 87 ) is **DENIED**.

Dated this 8th day of April, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

---

[2] The court has ordered Plaintiff, no later than April 10, 2015, to file an appropriate stipulation to dismiss the claim under Fed. R. Civ. P. 41(a)(1)(A)(ii) or a motion to dismiss the claim under Fed. R. Civ. P. 41(a)(2).  (Doc. No. 164.)